**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re: **Cheryl Anne McMillen**

Case No. **11-46306**

**FIRST AMENDED CHAPTER 13 PLAN**

Debtor(s).

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ **200.00** each month for **60** months.
   Debtor(s) elect a voluntary wage order. _____.

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre-confirmation Adequate Protection | Post confirmation Payments | Estimated Mortgage Arrears | Interest Rate (If Specified) |
|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | The Home Depot | 200.00 | | 0.00 | | | 5.00 |
| ☒ | ☐ | Wells Fargo Home Mortgage | 336,000.00 | | 0.00 | | 5,213.00 | 0.00 |

With respect to secured claims per §506, valuation stated shall bind unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed, shall control. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. A secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section §1328.

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507. Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. § 1322(a)(4).
   (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid **pro-tanto** %.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).
   **-NONE-**

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment |
|---|---|
| Mercedes Benz Financial Services - paid by Holly Frakes | 480.00 |
| Wells Fargo Bank, N.A. - 2nd mortgage, see below | 0.00 |
| Wells Fargo Home Mortgage - 1st mortgage | 2,044.00 |
| Yamaha - paid by Timothy McMillen | regular payment |

5. The date this case was confirmed will be the effective date of the plan.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b):
   **The second Deed of Trust filed in the State of California, County of Contra Costa on May 29, 2007 and given document number DOC-2007-0155101-00 in favor of Wells Fargo Bank, N.A. attaching to 4650 Discovery Point, Discovery Bay CA 94505 ("property") will be avoided through a separate motion. For purposes of such motion the property will be valued at $336,000 and failure of Wells Fargo Bank, N.A. to object will be deemed acceptance of this valuation for purposes of such a motion. For claims allowance/disallowance purposes the collateral of Wells Fargo Bank, N.A. will be valued at $0.**

   **All Direct monthly payments made to Wells Fargo shall be applied to the first mortgage.**

   **All payments coming due to Yamaha and/or GE Money Bank are to be paid directly outside the plan by the co-signer, Timothy McMillen.**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re: **Cheryl Anne McMillen**  Case No.

_____  **CHAPTER 13 PLAN - Continuation Sheet**
Debtor(s).

Dated: **September 21, 2011**   **/s/ Cheryl Anne McMillen**   _____
(Debtor)                   (Debtor)

I/We **Michael J. Primus 161528** am/are legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., Oakland Division Model Chapter 13 Plan (October 2005), promulgated pursuant to B.L.R. 1007-1.

 **/s/ Michael J. Primus**
Attorney for Debtor(s)